UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELLY FAMIGLIETTI,                :
    Plaintiff,                :
                                  :
v.                                : Case No. 3:11-cv-01792 (RNC)
                                  :
HARTFORD HOSPITAL,                :
    Defendant.                :

MEMORANDUM

Plaintiff Kelly Famiglietti brought this action against her former employer, Hartford Hospital, under Conn. Gen. Stat. § 31-290a claiming her employment was terminated because she exercised her right to receive workers' compensation benefits following a work-related injury. Defendant moved for summary judgment arguing that a jury would have to find that plaintiff's employment was lawfully terminated because she had exhausted all leave time available to her under the Hospital's written employment policy governing leaves of absence. The motion was granted for substantially the reasons stated by the defendant. This memorandum provides a written statement of the reasons for the Court's ruling.

I. Background

The evidence in the record shows the following. In February 2011, Hartford Hospital Nurse Manager Angie Fleig hired the plaintiff to work at the Hospital as a registered nurse. Plaintiff took leave from the job after sustaining a work-

1

related back injury on June 30, 2011, and began collecting workers' compensation benefits. Plaintiff's doctor cleared her to perform light-duty work as of August 4, 2011. Plaintiff returned to work for one shift on August 10. On that date, she reinjured her back after she was required to perform job-related tasks not permitted by her doctor.

On September 14, while plaintiff still was on leave due to her injury, Fleig convened a meeting to discuss plaintiff's employment status. William Bell, a human resources consultant, told Fleig that plaintiff had exhausted the leave available to her under the Hospital's leave of absence policy and her employment could therefore be terminated. The leave of absence policy states that "employment is terminated after all leave is expired." The policy does not distinguish between employees with work-related injuries and those with non-work-related injuries or illnesses.

On September 22, plaintiff received a letter from Fleig notifying her that her employment was terminated effective immediately. The relevant portion of the termination letter reads: "Since you have not been able to return to your job within the allotted period of time, we will no longer be able to keep your current position open." It is undisputed that plaintiff's leave expired weeks before her employment was terminated. Plaintiff was unaware that she did not have

additional leave time, however, and thought the defendant's termination of her employment was improper.

II. Discussion

Summary judgment – sometimes referred to as judgment without trial - may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment in this case, the plaintiff must point to evidence that would permit a jury to return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If the evidence in the record is legally insufficient to support a verdict in favor of the plaintiff, there is no need for a trial because even if the jury were to return a verdict in her favor, the verdict would have to be overturned due to the lack of sufficient evidentiary support. In deciding whether the evidence is legally sufficient or insufficient to support the plaintiff's claim, the evidence must be viewed in the light most favorable to her. Id. at 255.

Plaintiff's claim is based on Conn. Gen. Stat. § 31-290a, which prohibits an employer from discriminating against an employee who exercises rights under the workers' compensation statute. Claims based on this statute are analyzed using the McDonnell Douglas burden-shifting framework applicable to employment discrimination claims generally. Mele v. City of

3

Hartford, 855 A.2d 196, 206 (Conn. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). To establish a prima facie case, the plaintiff must show that the defendant terminated her employment because she was exercising a right protected by the workers' compensation act. Id. at 207.[1] If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination. Id. at 206. Then, the burden shifts back to the plaintiff to show that the purported reason given by the defendant is a pretext, in other words, an excuse for what was actually prohibited discrimination. Id. To sustain her ultimate burden, the plaintiff must have evidence permitting a jury to find that (1) discrimination more likely

---

[1] Section 31-290a contains the same causal language as Title VII and has been analogized to federal discrimination statutes by the Connecticut Supreme Court. See Ford v. Blue Cross & Blue Shield of Conn., Inc., 578 A.2d 1054, 1060 (Conn. 1990) ("In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance."), overruled in part on other grounds by Ulbrich v. Groth, 78 A.3d 76, 123 n.62 (Conn. 2013). Under Title VII, a plaintiff must show that discrimination was the but-for cause of her termination. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013). Defendant urges the court to apply this standard instead of a "motivating factor" standard. Which standard applies in section 31-290a actions is an open question. See D'Amico v. Dep't of Children & Families, No. HHDCV136046656S, 2016 WL 4150596, at *5 (Conn. Super. Ct. July 6, 2016) ("Connecticut appellate courts have yet to resolve whether the 'but-for' standard . . . or the traditional 'motivating factor' standard . . . apply . . . in retaliation cases."). Because plaintiff's claims fail under either standard, I express no opinion as to which standard applies.

4

than not motivated the termination or (2) the reasons given for the termination are "unworthy of credence." Id. (quoting Diaz v. Hous. Auth. of the City of Stamford, 785 A.2d 192, 196 (Conn. 2001)). The primary focus is "always whether an employer treats an employee less favorably than other employees for an impermissible reason." Montana v. First Fed. Sav. & Loan Ass'n of Rochester, 869 F.2d 100, 104 (2d Cir. 1989).

Summary judgment is appropriate in this case because the evidence in the record, viewed most favorably to the plaintiff, is insufficient to support a reasonable finding that the Hospital's proffered reason for the termination of her employment is a pretext for discrimination. See Chiaia v. Pepperidge Farm, Inc., 588 A.2d 652, 654 (Conn. App. Ct.) (application of neutral leave policy to employee receiving workers' compensation benefits is not a per se violation of section 31-290a; rather, "plaintiff must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employee because he or she had exercised his or her rights under the Workers' Compensation Act"), cert. denied, 593 A.2d 133 (Conn. 1991). The Hospital's proffered reason for the termination – that the plaintiff was unable to return to work following the leave of absence permitted by the Hospital's policy – is well-supported by the policy itself, Bell's advice to Frieg concerning the

policy as it applied to the plaintiff, and Freig's subsequent letter to the plaintiff invoking the policy as the reason for the termination. Plaintiff offers no evidence, direct or circumstantial, permitting a jury to find that the termination was motivated by discrimination based on plaintiff's receipt of workers' compensation benefits.

Plaintiff contends that the temporal proximity between her workers' compensation claim and the termination of her employment is sufficient to establish a causal connection between the two. See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case."). But the timing of these events does not support a reasonable inference of discrimination. Plaintiff filed for workers' compensation benefits soon after she was injured on June 30. Her employment was not terminated until September 22 -- nearly three months later. See Housel v. Rochester Inst. of Tech., 6 F. Supp. 3d 294, 308 (W.D.N.Y. 2014) ("[C]laims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliation."). Moreover, Fleig was informed by Bell that plaintiff's employment was subject to termination under the leave policy just eight days before Fleig notified the plaintiff of the termination.

The close temporal proximity between Fleig's meeting with Bell and the delivery of the termination letter undercuts an inference of a causal connection between plaintiff's exercise of her right to receive workers' compensation benefits and the decision to terminate her employment.  See Benjamin v. Terrero, No. 13-cv-8699 (VB), 2017 WL 187479, at *9 (S.D.N.Y. Jan. 13, 2017) ("The time that elapsed after plaintiff's alleged complaint in May and the intervening June incidents demonstrating plaintiff and [supervisor]'s difficult working relationship, undermines the strength of any inference due to temporal proximity that [supervisor] terminated plaintiff for retaliatory reasons."); see also El Sayed, 627 F.3d at 933 ("[W]ithout more, . . . temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext.").

Plaintiff also points to evidence showing that Fleig was frustrated with the situation.  As far as the record shows, however, Fleig said nothing about plaintiff applying for or receiving workers' compensation benefits.  Rather, the evidence shows that Fleig was unhappy about the plaintiff's unavailability to perform the nursing duties for which she had been hired.  Fleig's frustration in this regard, viewed most favorably to the plaintiff, does not permit a reasonable inference that the termination of plaintiff's employment in

7

accordance with the written leave policy was motivated by discrimination prohibited by the workers' compensation statute.

Finally, plaintiff argues that the defendant's failure to promptly enforce the leave policy gives rise to an inference of discrimination. Fleig's letter to the plaintiff informing her of the termination was transmitted soon after Fleig met with Bell and learned that plaintiff's employment was subject to termination under the policy. The evidence does not support a finding that she was aware of this before she met with Bell. More fundamentally, the issue in this case is whether the plaintiff was treated less favorably than other employees who did not make a claim for workers' compensation benefits. The evidence does not support such a finding. There is no indication that the Hospital granted more leave than permitted by the policy to employees who did not exercise rights under the workers' compensation statute.

III. Conclusion

Accordingly, the defendant's motion for summary judgment has been granted.

Signed this 20th day of June 2019.

/s/ RNC
Robert N. Chatigny
United States District Judge